Hon. Timothy W. Dore
Ch. 13
Location: Seattle
Date of Hearing: January 17, 2024
Time: 9:30 a.m.
Response Date: January 10, 2024

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>NICHOLE PORTIA LEIGH,<br><br>Debtor. | Case No. 23-10050-TWD<br><br>Adversary No. 23-01031-TWD |
| CIRCLE SYSTEMS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLE PORTIA LEIGH, an individual, and NEPTUNE GLOBAL, LLC, a Washington limited liability company,<br><br>Defendants. | **PLAINTIFF'S MOTION TO REVOKE CONFIRMED CHAPTER 13 PLAN** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Circle Systems, Inc. requests that the Court revoke Debtor's confirmed Chapter 13 Plan pursuant to 11 U.S.C. 1330(a) because Debtor procured the order confirming the plan by fraud. Circle Systems' motion is timely because it is filed within 180 days of the entry of the order confirming the plan. 11 U.S.C. § 1330(a).

### II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core

PLAINTIFF'S MOTION TO REVOKE
CONFIRMED CHAPTER 13 PLAN - 1

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, WA 98104
425.748.5055

proceeding under 28 U.S.C. § 157(b)(2) because it is related to a case pending in this Court under Chapter 13 of the Bankruptcy Code, captioned as *In re Nichole Portia Leigh*, Case No. 23-10050-TWD (hereinafter "*In re Leigh*").

### III. EVIDENCE RELIED UPON

This Motion relies upon the concurrently filed Declaration of Steven Dubnoff ("Dubnoff Decl.").

### IV. STATEMENT OF FACTS

**A.  Circle Systems terminated Debtor for misconduct.**

Circle Systems is a provider of software solutions. Its main product enables data exchange between statistical packages, databases, and spreadsheets. Debtor was an employee of Circle Systems from August 2012 until she was fired for misconduct in February 2020. In particular, Debtor created a company that competed directly with Circle Systems for the same services and customers. Debtor also misappropriated Circle Systems' confidential proprietary information and trade secrets. It is suspected that Debtor used the misappropriated confidential proprietary information and trade secrets to obtain a patent for secure data exchange currently held by Debtor's company, Data Mover LLC ("Data Mover").

**B.  Circle Systems sued Debtor in state court for the misconduct.**

In May 2020, Circle Systems sued Debtor in King County Superior Court, Case No. 20-2-09099-9-SEA ("State Court Action"), for her employment misconduct. In its Complaint, Circle Systems alleged a breach of fiduciary duty, breach of the duty of loyalty, intentional interference with contractual relationships and business expectancy, misappropriation of trade secrets, and accessing protected computers without authorization. Debtor answered over two years later, alleging counterclaims for infliction of emotional distress, unpaid wages, discrimination, defamation, and tortious interference. During the pendency of the State Court Action, Debtor represented that Data Mover's patent was worth up to $10 million. Dubnoff Decl. ¶ 3.

PLAINTIFF'S MOTION TO REVOKE
CONFIRMED CHAPTER 13 PLAN - 2

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, WA 98104
425.748.5055

Circle Systems moved to dismiss Debtor's counterclaims on summary judgment. A hearing on the motion was scheduled for January 13, 2023.

C.   **Debtor filed for bankruptcy protection on the eve of summary judgment.**

The day before Circle Systems' summary judgment hearing, Debtor filed her voluntary petition for protection under Chapter 13 of the bankruptcy code. *In re Leigh*, Dkt. No. 1. When identifying her assets, she listed her 100% interest in Data Mover. *See id.* at 14. She stated that Data Mover's only asset was the data exchange patent,[1] which was offset by one debt of $20,000. *Id.* She certified that the company had no value. *Id.* Debtor made the same representations in the amended schedules she filed in June 2023. *In re Leigh*, Dkt. No. 78 at 7. Because Debtor claimed that her interest in Data Mover was zero, she claimed the interest was exempt under a Washington law allowing exemption of personal property interests below $10,000 in value. *Id.* at 13 (citing RCW 6.15.010(1)(d)(ii)).

D.   **The confirmed plan pays unsecured creditors less than 50 cents on the dollar.**

Circle Systems objected to Debtor's plan, alleging that she failed to demonstrate that it met the best interests of creditors test, that she did not present the plan in good faith, and that the plan was not feasible. *In re Leigh*, Dkt. No. 21 at 3–5. In particular, Circle Systems objected that Debtor appeared to be "misrepresenting property interests, hiding assets, and mischaracterizing pending litigation." *Id.* at 4. Circle Systems never withdrew this objection. Thereafter, Circle Systems filed an adversary complaint requesting that is claim be deemed non-dischargeable under Bankruptcy Code sections 523(a)(4) and (a)(6), and bringing claims for intentional interference with a business expectancy, misappropriation of trade secrets, computer fraud and abuse act violations, breach of fiduciary duty, and civil conspiracy. Dkt. No. 1.

Nevertheless, Debtor managed to obtain approval of her Amended Chapter 13 Plan. *See In re Leigh*, Dkt. No. 71. The confirmed plan calculated that the liquidation value of Debtor's estate was $524,255 and set aside that amount to pay nonpriority unsecured claims. Dkt. No. 68

---

[1] Patent No. 11,157,644 issued October 26, 2021.

PLAINTIFF'S MOTION TO REVOKE
CONFIRMED CHAPTER 13 PLAN - 3

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, WA 98104
425.748.5055

at 4–5. This was less than the total amount of such claims, which amount to $1,075,601.76. *See In re Leigh*, Claims Register. Circle Systems' unsecured claim alone is for $736,660. *In re Leigh*, Proof of Claim No. 19 at 2. Consequently, under the confirmed plan, Circle Systems received only 49 cents on the dollar for its claim.

**E.   Debtor re-asserts that her assets are worth millions of dollars.**

After confirmation of Debtor's plan, Debtor has represented that the Data Mover patent is worth at least $2 million. Dubnoff Decl. ¶ 4.

## V.   ARGUMENT AND AUTHORITY

As an alternative to liquidation under Chapter 7, individual debtors may utilize Chapter 13 of the Bankruptcy Code to resolve debts through flexible repayment plans approved by the bankruptcy court. *See Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 327 (1993); 11 U.S.C. § 1321. However, this flexibility cannot come at the expense of creditors or the objectives of the Bankruptcy Code. *See* 11 U.S.C. § 1325. As such, a debtor's Chapter 13 plan is not confirmable if she proposes to pay unsecured creditors less than they would have received in a Chapter 7 liquidation, or if she does not bring her plan in good faith. 11 U.S.C. § 1325(a)(3)–(4).

Debtor's plan would not have qualified for confirmation if she had disclosed the true value of her partnership interest in Data Mover. In the plan approved by this Court, Debtor represented that the total value of her nonexempt property could allow for only 49 cents on the dollar payment to Circle Systems and the other unsecured, nonpriority creditors. Had she disclosed that Data Mover was actually worth at least $2 million dollars, it would have been apparent to the Court that unsecured creditors would have received larger payments under a Chapter 7 liquidation. Debtors' contradictory, self-serving valuations demonstrate her intent to deceive the Court so that it would confirm a non-compliant plan.

Obtaining confirmation of a Chapter 13 plan through fraudulent means compels revocation of the plan and dismissal of the case. 11 U.S.C. § 1330. This Court should dismiss

Debtor's case because she fraudulently induced the Court to confirm her Amended Chapter 13 Plan.

**A.      Debtor fraudulently induced the court to approve her plan.**

Within 180 days after entry of an order confirming a Chapter 13 plan, a party in interest may request revocation of the order if the debtor obtained it through fraud. 11 U.S.C. § 1330(a). Because the meaning of "fraud" under section 1330(a) is undefined, courts have crafted the requirements for a finding of fraud sufficient to revoke a plan. *See In re Edwards*, 67 B.R. 1008, 1009 (Bankr. D. Conn. 1986). Five elements establish fraud under Section 1330:

> (1) the debtor made a materially false representation regarding her compliance with 11 U.S.C. § 1325;
>
> (2) that she either knew was false, did not believe was true, or made with reckless disregard for the truth;
>
> (3) with the intent and purpose of deceiving the court to rely on it;
>
> (4) the court relied on such representations; and
>
> (5) the court's reliance on the false representations caused entry of the confirmation order.

*Id.* at 1010. The movant can satisfy this burden on a preponderance of the evidence. *Tenn-Fla Partners v. First Union Nat. Bank of Fla.*, 229 B.R. 720, 729 (W.D. Tenn. 1999), *aff'd sub nom. In re Tenn-Fla Partners*, 226 F.3d 746 (6th Cir. 2000). Because direct proof of fraudulent intent is rarely available, a Circle Systems may establish fraud through circumstantial evidence and legitimate inferences. *In re Edwards*, 67 B.R. at 1010.

All five elements of fraud are present here.

**1.      The misrepresentations in Debtor's amended schedules and plan disguise her noncompliance with 11 U.S.C. § 1325.**

Debtor's misrepresentations hid the non-confirmability of her plan. A debtor misrepresents her compliance with 11 U.S.C. § 1325 if she intentionally undervalues an asset in her schedules. *See In re Powers*, 48 B.R. 120, 120 (Bankr. M.D. La. 1985). In a Chapter 13 case, the very purpose of submitting schedules to the court is to inform its decision on whether the

PLAINTIFF'S MOTION TO REVOKE
CONFIRMED CHAPTER 13 PLAN - 5

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, WA 98104
425.748.5055

debtor's plan complies with Section 1325's confirmation requirements. *See* 8 Collier on Bankruptcy § 1325.05 (16th 2023). In particular, the schedules supply the information necessary to assess whether the debtor's plan meets the best interests of creditors test. *See* 11 U.S.C. § 1325(a)(4). Under that test, the value of recovery to unsecured creditors under the plan must not be less than the liquidation value, as of the effective date of the plan, of the nonexempt assets identified in the debtor's schedules. *Id.*; 8 Collier on Bankruptcy § 1325.05.

Debtor implicitly represented to the Court that her plan was compliant when she filed it. She repeatedly declared under penalty of perjury that her bankruptcy schedules were true and correct. Dkt. Nos. 1 at 14, 11 at 5, 39 at 7, 78 at 15. Had Debtor represented the true value of Data Mover, that asset would not have been exempt and would have added at least $2 million to the value that could be distributed to unsecured creditors. In her amended plan, Debtor stated that the liquidation value of her estate (including the patent) was only $524,255. *In re Leigh*, Dkt. No. 68 at 5. In contrast, she represented before her petition was filed that the patent was worth up to $10 million, and after confirmation she maintained that it was worth at least $2 million. Dubnoff Decl. ¶¶ 3–4. Consequently, Debtor's out-of-court valuations suggest that the true liquidation value would have been at least $2,504,255 and afforded all creditors full repayment. As such, Debtor's zero-dollar valuation in Bankruptcy Court conceals her plan's noncompliance with the best interests of creditors test.

Debtor's misrepresentations also disguised her lack of good faith. Good faith is a mandatory prerequisite to confirmation. 11 U.S.C. § 1325(3); *In re Gonzales*, 172 B.R. 320, 325 (E.D. Wash. 1994). Misrepresentations of fact in the debtor's petition or plan violate the good faith requirement. *See In re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994). For example, in *In re Eisen*, the court held that the debtor had filed his petition in bad faith because he had mis-valued his assets and had used the filing as a litigation tactic to stymie a state court action against him. *Id.* at 470–71. This case is just like *Eisen*—Debtor has misrepresented the value of her assets and used her petition to frustrate Circle Systems' state court proceeding against her.

PLAINTIFF'S MOTION TO REVOKE
CONFIRMED CHAPTER 13 PLAN - 6

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, WA 98104
425.748.5055

### 2. Debtor's contradictory, self-serving valuations demonstrate her knowledge and intent to deceive this Court.

Debtor's actions demonstrate both that she knew her statements were false and that she intended the Court to rely on them. A debtor's intentional misrepresentation of assets and liabilities in her schedules amounts to fraud in connection with the case. *See In re Kingsley*, 162 B.R. 249, 254 (Bankr. W.D. Mo. 1994). A debtor knowingly submits false statements, or recklessly disregards the truth, when they submit schedules representing the value of an asset as zero despite having knowledge that the asset actually has value. *See In re Powers*, 48 B.R. at 120. For example, in *In re Powers*, the court revoked the debtor's Chapter 13 plan because the debtor's schedules undervalued his tax return by $8,000 and listed valuable assets as valueless. *Id.* Significantly deflating the valuation of an asset while concealing higher, contradictory valuations permits a cogent and compelling inference of fraudulent intent. *See New Enterprises Ltd. v. SenesTech Inc.*, No. CV-18-08033-PCT-JAT, 2019 WL 3858506, at *8 (D. Ariz. Aug. 16, 2019) (unpublished).

Here, Debtor's valuation of the Data Mover patent in her bankruptcy schedules is millions of dollars lower than the value she assigns it outside the bankruptcy proceeding. Despite assigning no value to Data Mover in the amended schedules filed in June 2023, only months later she believed that the company's principal asset was worth $2 million. *Compare In re Leigh*, Dkt. No. 78 at 7 *with* Dubnoff Decl. ¶ 4. Moreover, her pre-bankruptcy valuation of $10 million forecloses any inference that Debtor honestly believed that the patent was worth less than millions of dollars. *See* Dubnoff Decl. ¶ 3. At best, Debtor recklessly disregarded the truth when she attested to the patent's (and therefore Data Mover's) value. Had Debtor revealed that Data Mover was actually worth millions of dollars, she could not have exempted the asset or shielded it from liquidation. This contradictory, self-serving behavior demonstrates that she intentionally withheld the true value of the patent for the purpose of obtaining confirmation.

Moreover, even when a debtor has previously asserted out of court that an asset has high

PLAINTIFF'S MOTION TO REVOKE
CONFIRMED CHAPTER 13 PLAN - 7

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, WA 98104
425.748.5055

value, creditors are entitled to rely on the debtor's sworn statements about that asset having a lower value so long as the debtor's sworn statements are consistent. *See in re Valenti*, 310 B.R. 138, 151 (B.A.P. 9th Cir. 2004). Creditors are not required to "'ferret out' inaccuracies in a debtor's sworn bankruptcy schedules." *Id.* (quoting *In re Duplante*, 215 B.R. 444, 447 n.8 (9th Cir. B.A.P. 1997)). As such, an objecting creditor's ability to request discovery regarding the amounts represented does not obviate the debtor's duty to disclose "adequate information." *In re Michelson*, 141 B.R. 715, 719 (Bankr. E.D. Cal. 1992).

Here, Circle Systems had a right to rely on Debtor's sworn statement that the value of Data Mover was zero, because Debtor swore it was true. Up until that point, any assertions as to the value of the patent could have been viewed as posturing. However, because Debtor has now renewed her multi-million dollar valuation of the patent after submitting a contradictory, sworn statement, Circle Systems must now raise the issue for the benefit of the Court and other creditors.

### 3. The Court relied on Debtor's valuation of the patent when it entered the order confirming the plan.

The Court's confirmation of the plan necessarily relied upon Debtor's false statements. A finding that the debtor has complied with both the good faith requirement and best interests of creditors test is mandatory upon confirming a plan. *In re Blendheim*, 803 F.3d 477, 485–86 (9th Cir. 2015). As demonstrated above, Debtor's plan met neither requirement. Nonetheless, the Order Confirming Chapter 13 Plan held that the plan "satisfies the requirements of 11 U.S.C. section 1325." *In re Leigh*, Dkt. 71. "The suppression of material facts that likely would have led to a different result unambiguously constitutes an impairment of the adjudicatory process." *In re Michelson*, 141 B.R. at 730. When the court confirms a plan that would not have complied with the requirements of Section 1325 had the debtor's representations been accurate, it compels the conclusion that the court relied on the false statements in confirming the plan. *In re Nikoloutsos*, 199 F.3d 233, 238 (5th Cir. 2000). In sum, Debtor's misrepresentations directly resulted in

PLAINTIFF'S MOTION TO REVOKE
CONFIRMED CHAPTER 13 PLAN - 8

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, WA 98104
425.748.5055

wrongful confirmation of the plan.

**B.  Debtor's Chapter 13 case should be dismissed.**

Upon revocation of a confirmation order, "the court shall dispose of the case" pursuant to and in accordance with 11 U.S.C. § 1307. 11 U.S.C. § 1330(b). Disposal of the case is required unless the court permits and approves a modified plan. *Id.*; *see also* 11 U.S.C. § 1329. A modified plan would be fruitless in this case, because no amendment could remedy Debtor's noncompliance with Chapter 13's confirmation requirements.

### VI.  CONCLUSION

Debtor's fraud in obtaining the order confirming her Amended Chapter 13 Plan necessitates its revocation. This Court should revoke the plan and dismiss Debtor's Chapter 13 case.

Dated: December 11, 2023

SNELL & WILMER L.L.P.

By: *s/ Rachael E. Clark*
Amit D. Ranade, WSBA # 34878
Rachael E. Clark, WSBA #57277
506 Second Avenue, Suite 1400
Seattle, WA 98104
Tel: 425-748-5055
Email: aranade@swlaw.com;
reclark@swlaw.com

*Attorneys for Creditor Circle Systems, Inc.*

4861-6332-2005

PLAINTIFF'S MOTION TO REVOKE
CONFIRMED CHAPTER 13 PLAN - 9

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, WA 98104
425.748.5055